ORDERED.

**Dated:  September 30, 2020**

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Gregory Todd Givans, | ) | Case No. 6:19-bk-01928-KSJ |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

## MEMORANDUM OPINION GRANTING
## <u>TRUSTEE'S MOTION FOR SUMMARY JUDGMENT</u>

The issue is whether a revocable living trust can own property as tenants by the entireties to exempt it from creditors' claims in bankruptcy cases.[1] The answer is no because the trust cannot meet the unities required for tenants by the entireties ownership. Summary judgment is granted for the Chapter 7 Trustee, Carla Musselman, who may administer the non-homestead real property in this bankruptcy case.

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] The Chapter 7 Trustee, Carla Musselman, raises the issue in her Motion for Summary Judgment. Doc. No. 65. Debtor and his non-filing spouse, Marna Givans, filed an untimely motion for summary judgment with supporting affidavits addressing the exemption of the non-homestead real property (Doc. No. 69, 70, 71, 72 and 73). The Court has entered an order treating the untimely motion for summary judgment and supporting affidavits filed by the Debtor and Mrs. Givans as a response to the Trustee's Motion for Summary Judgment. *See* Order Partially Granting Joint Motion to Strike Motion for Summary Judgment (Doc. No. 81).

matter of law."[2] The moving party must establish the right to summary judgment.[3] A "material" fact is one that "might affect the outcome of the suit under the governing law."[4] A "genuine" dispute means that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5] Once the moving party has met its burden, the nonmovant must set forth specific facts showing there is a genuine issue for trial.[6] In determining entitlement to summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."[7]

The material facts are undisputed. Debtor and his wife, Marna Givans, have been married for over 20 years. In 2012, Mrs. Givans and her mother, Joan K. Rugg, bought a house where Ms. Rugg resides. Over the next two years, title to the home transferred twice—once to the Debtor and Mrs. Givans as tenants by the entirety, and a second time to their revocable living trust.  The issue is whether, after transferring the home in these three deeds, the Debtor can preserve ownership as tenants by the entirety and exclude the home from administration in this Chapter 7 bankruptcy case.

***Deed One***. Mrs. Givans and her mother, Joan K. Rugg, obtained joint title as tenants with the right of survivorship to residential real property at 2757 Shearwater Street, Clermont, Florida (the "Property").[8] The transfer occurred on July 30, 2012.

---

[2] Fed. R. Civ. P. 56(a).

[3] *Fitzpatrick v. Schlitz (In re Schlitz)*, 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *Find What Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011).

[5] *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.

[6] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 10 S. Ct. 1348 (1986).

[7] *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).

[8] On July 30, 2012, Omar Alberto Jaramillo and Beatriz Jaramillo, husband and wife, conveyed title to the Property by signing and delivering a warranty deed to Joan A. Rugg, a single woman and Marna Givans, a married woman, as joint tenants with the right of survivorship. *See* Doc. No. 69, Ex. 8.

***Deed Two***.  On October 4, 2013, Mrs. Givans and Ms. Rugg signed and delivered a deed transferring the Property to the Debtor and Mrs. Givans, as husband and wife (the "TBE Deed").[9] The TBE deed was recorded in the public records of Lake County, Florida.[10]

***Deed Three***.  On August 27, 2014, the Debtor and Mrs. Givans, husband and wife, then signed a "Conveyance Deed to Trustee" transferring the Property to the Debtor and Mrs. Givans, *as Trustees* of the August 27, 2014, Gregory T. Givans and Marna A. Givans *Inter Vivos* Revocable Trust Agreement (the "Trustee Deed").[11] The Trustee Deed is not recorded in the public records.

***The Trust***.  On August 27, 2014, the Debtor and Mrs. Givans also signed the "August 27, 2014 Gregory T. Givans and Marna A. Givans *Inter Vivos* Revocable Trust Agreement" (the "Trust").[12] Debtor and Mrs. Givans, as husband and wife, are both "Settlor" and "Trustee" of the Trust.[13] As Settlor, they transferred and delivered property described on Schedule "A" attached to the Trust to the Trustee (themselves) to be administered under the Trust.[14] Schedule "A," in turn, lists real and personal property transferred to the Trust, including the real property described on Exhibit "B" to the Trust.  Exhibit "B" is a copy of the Trustee Deed. Upon the death of either the Debtor or Mrs. Givans, the surviving spouse becomes the *income* beneficiary of the Trust,[15] and upon the death of both the Debtor and Mrs. Givans, their two children are the primary beneficiaries of the property held by the Trust.[16]

***Bankruptcy***.  On March 25, 2019,[17] the Debtor filed this case under Chapter 7 of the Bankruptcy Code.[18] Carla Musselman was appointed the Chapter 7 Trustee. Debtor listed the

---

[9] Doc. No. 69, Exh. 9.
[10] Doc. No. 69, Exh. 9.
[11] Doc. No. 65, Exh. A—Exhibit B to Trust Agreement.
[12] Doc. No. 65, Exh. A.
[13] Doc. No. 65, Exh. A.
[14] Doc. No. 65, Exh. A, par. 1.01.
[15] Doc. No. 65, Exh. A, par. 3.04 and 3.05.
[16] Doc. No. 65, Exh. A, par. 3.03[sic] on pg. 4 of Trust.
[17] Doc. No. 1.
[18] All references to the Bankruptcy Code refer to 11 U.S.C. §§ 101 et. seq.

Property on his bankruptcy schedules and claimed the Property exempt as tenants by entirety.[19] The Chapter 7 Trustee objected to the Debtor's claim of exemption for the Property and other assets,[20] and now seeks summary judgment on her objection as to the Property.[21]

The Trustee's argument is straightforward—by transferring the Property to the Trust, the Debtor and Mrs. Givans ended their prior tenancy by entireties ownership. If the Property is not owned as tenants by the entirety with his wife, Debtor has no basis to exempt it from claims of his creditors.  So, the Chapter 7 Trustee may administer the Property.

Debtor and Mrs. Givans oppose summary judgment. They argue under Florida law the Property was never transferred to the Trust by the Trustee Deed due to a lack of delivery by the settlor (Debtor and Mrs. Givans) and lack of acceptance by the Trustee (Debtor and Mrs. Givans). And even if a transfer did occur, the Debtor and Mrs. Givans argue the Trust's provisions, or the merger doctrine, allow them to claim ownership of the Property as tenants by entirety.

## PROPERTY WAS TRANSFERRED TO THE TRUST

Debtor and Mrs. Givans contend they never transferred the Property to the Trust. First, they argue, as *grantors*, they did not *"unconditionally deliver"* the Trustee Deed to themselves as Trustee of the Trust.  Second, as *Trustee* of the Trust, they argue they did not *accept* the Trustee Deed.  This argument is supported by their affidavits[22] and their failure to record the Trustee Deed in the public records. Because they arguably did not effectively transfer the Property to the Trust, Debtor and Mrs. Givans assert the Property continues to be held as tenants by entirety under the

---

[19] Doc. No. 1, Schedule A/B and Schedule C. Section 522 (b)(3)(B) of the Bankruptcy Code exempts any interest in property the debtor had immediately before the commencement of a case if the property is owned by a debtor and a spouse as tenants by the entireties and is exempt under nonbankruptcy law. Florida has a long history of allowing spouses to own property as tenants by the entireties. *Beal Bank, SSB v. Almand and Associates*, 780 So.2d 45, 52 (Fla. 2001). The advantage of owning property as tenants by the entireties is that, although joint creditors can foreclose upon the property, creditors holding claims against only one spouse cannot exercise any rights over the property. *Id.* at 53 (*citing Winters v. Parks*, 91 So.2d 649, 651 (Fla.1956)); *See also In re Sinnreich*, 391 F.3d 1295, 1297 (11th Cir. 2004); *In re Freeman*, 387 B.R. 871, 874 (Bankr. M.D. Fla. 2008). As such, if the Debtor and Mrs. Givans own the Property as tenants by the entireties and do not have joint creditors, no creditor or the Chapter 7 Trustee could reach or administer the Property.
[20] Doc. No. 24.
[21] Doc. No. 65.
[22] Doc. Nos. 70, 71 and 73.

4

earlier TBE Deed. I reject these arguments finding the Trustee Deed effectively transferred title of the Property to the Trust.

The nature of a debtor's interest in property is determined by state law.[23] Under Florida law, "the delivery of a deed by the grantor and its acceptance by the grantee consummates the deed and it is effective and operative from that date on."[24] The recording of the deed is "not essential to its validity as between the parties or those taking with notice."[25] When a grantor "parts with the control of the deed, or evinces an intention to do so, and to pass it to the grantee, though he may retain the custody or turn it over to another, or place it upon record, the delivery is complete."[26] The grantee's acceptance of a deed does not require express consent and may be inferred.[27]

Here, it is not even a close question. Debtor and Mrs. Givans expressly delivered as grantors and accepted as Trustee the Trustee Deed. Paragraph 1.01 of the Trust states, "The Settlor, hereby *transfers and delivers to the Trustee* the property described in Schedule A, which is attached hereto and is made a part hereof, the *receipt of which is hereby acknowledged* by the Trustee."[28] Schedule A lists property in the Trust and refers to real property attached as Exhibit B. The Trustee Deed is Exhibit B. Both documents are attached to the Trust.

The Trust language is crystal clear as to the Debtor and Mrs. Givans' intent to transfer the Property to the Trust. The Trust grants the Trustee power to sell, manage, and control the Property,[29] further demonstrating Debtor and Mrs. Givans' intent to "part with control" of the Property as "husband and wife," and their acceptance of the Property as Trustee of the Trust. The Property is property of the Trust; the operative deed is the Trustee Deed, not the TBE Deed.

---

[23] *In re Sinnreich,* 391 F.3d 1295, 1297 (11th Cir. 2004).
[24] *Matter of Berkley Multi-Units, Inc.*, 55 B.R. 584, 587 (Bankr. M.D. Fla. 1985)(citing *Lance v. Smith*, 123 Fla. 461, 167 So. 366 (Fla. 1936)).
[25] *In re Ramsurat*, 361 B.R. 246, 256 (Bankr. M.D. Fla. 2006)(quoting *Sweat v. Yates*, 463 So.2d 306,307 (Fla. App. 1 Dist. 1984)).
[26] *Smith v. Owens,* 91 Fla. 995, 1002, 108 So. 891, 893 (Fla. 1926).
[27] *Riehl v. Bennett*, 142 So.2d 761,763 (Fla. 2nd DCA 1962). *See also In re Rose*, 512 B.R. 790 (Bankr. W.D. N.C. 2014)(discussing acceptance of a deed under Florida law).
[28] Doc. No. 65, Exh. A (emphasis added).
[29] Doc. No. 65, Exh. A, par. 4.02.

Although the Debtor and Mrs. Givans now say they did not intend to unconditionally deliver the Property to the Trust or, as Trustee, to accept the Trustee Deed, the language in the Trust is directly contrary to this assertion. "The polestar of trust interpretation is the settlors' intent. If the trust language is unambiguous, we avoid extrinsic evidence."[30]

The Trust is clear and unambiguous.  Debtor and Mrs. Givans unambiguously said they intended to transfer the Property to the Trust. Now, they have changed their mind, understandably because it will stop the Debtor from claiming the Property as exempt. Their recent self-serving statements to the contrary are impermissible extrinsic parol evidence that the Court must ignore.

The Court finds that the Debtor and Mrs. Givans transferred the Property to the Trust. The Trust accepted the Property. The operative deed is the Trustee Deed. And failing to record the Trustee Deed is irrelevant *vis-à-vis* the Chapter 7 Trustee.

## THE TRUST CANNOT OWN THE PROPERTY AS TBE

Debtor and Mrs. Givans next argue that the Trust's provisions preserve tenants by entireties ownership of all Trust assets and, therefore, they still own the Property as tenants by the entireties. In support, they refer to the Trust's language which defines the "Trustee" as *both* the Debtor and Mrs. Givans. Because the Debtor and Mrs. Givans must act together as "Trustee" and neither had "unfettered" or "unilateral" control over the Trust assets, the unities required for tenants by entirety ownership remain intact.

In Florida, "[p]roperty held as a tenancy by the entireties possesses six characteristics: (1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity

---

[30] *Hansen v. Bothe*, 10 So.3d 213, 215 (Fla. 2nd DCA 2009).

of marriage (the parties must be married at the time the property became titled in their joint names)."[31]

The legal fiction underpinning tenancy by the entireties law is that property held as TBE by a married couple belongs to neither spouse individually; rather each spouse is seized of the entire property.[32] "In the case of ownership of real property by husband and wife, the ownership in the name of both spouses vests title in them as tenants by the entireties."[33] Thus, "[a] conveyance to spouses as husband and wife creates an estate by the entirety *in the absence of express language showing a contrary intent*."[34] Tenants by entirety terminates by divorce, death or *an agreement between the parties*.[35]

Here, the express language of the Trustee Deed shows the Debtor and Mrs. Givans' contrary intent to continue ownership of the Property as tenants by the entireties. The Trustee Deed provides the Debtor and Mrs. Givans *as Trustee of the Trust* own the Property, *not* as "husband and wife." Under trust law, a trustee holds only legal title to trust property while equitable title rests with the beneficiary.[36] Once the Debtor and Mrs. Givans transferred the Property to the Trust, they no longer owned the Property in their individual capacity.[37] They held bare legal title as Trustee for the Trust. Because a trust is not a married individual, the Trust cannot own the Property as tenants by the entirety.[38] The unity of marriage does not exist as to the Trust.

The Trust, an agreement between the parties, also contains express language demonstrating a contrary intent of the Debtor and Mrs. Givans. The Debtor and Mrs. Givans voluntarily signed an agreement—the Trust—which governs ownership, control and devise of the Property. Although

[31] *Beal Bank, SSB v. Almand and Associates*, 780 So.2d 45, 52 (Fla. 2001) (citations and footnotes omitted).
[32] *In re Sinnreich*, 391 F.3d 1295,1297 (11th Cir. 2004); *Beal Bank*, 780 So.2d at 53.
[33] *Beal Bank*, 780 So.2d at 55 (citing *Losey v. Losey*,221 So.2d 417, 418 (Fla.1969)).
[34] *Id*. (quoting *In re Estate of Suggs*, 405 So.2d 1360, 1361 (Fla. 5th DCA 1981) (emphasis added)).
[35] *Passalino v. Protective Group Securities, Inc*, 886 So.2d 295 (Fla. 4th DCA 2004).
[36] *In re Wells*, 259 B.R. 776, 779 (Bankr. M.D. Fla. 2001); *In re Grieves*, 250 B.R. 405,406 (Bankr. M.D. Fla. 2000).
[37] *See Aronson v. Aronson*, 930 So.2d 766 (Fla. 3d DCA 2006)(grantor could no longer transfer real property in individual capacity after transferring property to trust)
[38] *See In re Anderson*, 561 B.R. 230, 242 (Bankr. M.D. Fla. 2016)(bank accounts held by Debtor and non-filing spouse as Trustee of their respective Trusts could not be claimed exempt as tenants by entirety because Trusts are not married individuals).

the Debtor and Mrs. Givans act together as "Trustee" and neither has "unilateral" control over the Property, the Trust provides their children also are beneficiaries.[39] Debtor, Mrs. Givans, and their children, as beneficiaries, all have an equitable interest in the Property. As the Florida Supreme Court explained in *Hunt v. Covington:*

> No persons except the husband and wife have a present interest in an estate by the entireties…. It is not subject to partition; it is not subject to devise by will; neither is it subject to the laws of descent and distribution. It is, therefore, an estate over which the husband and wife have absolute disposition and as to which each, in the fiction of law, holds the entire estate as one person.[40]

The children, as co-beneficiaries, received an equitable interest in the Property upon its transfer into the Trust. And the Debtor and Mrs. Givans relinquished any argument they owned the Property as tenants by the entireties.

Debtor and Mrs. Givans argue *Passalino v. Protective Group Securities, Inc.*[41] provides authority that the Property maintains tenants by entirety status in the Trust. The *Passalino* case differs from these facts. In *Passalino*, a husband and wife sold real property owned as tenants by entirety and deposited the sale proceeds into their attorney's trust account. The attorney gained no legal or equitable interest in the sale proceeds. He merely was holding the monies awaiting his clients' directions. The husband's creditor issued a writ of garnishment to the attorney's trust account, which the trial court dissolved. Because the evidence established the husband and wife did not intend to terminate tenants by entirety when they deposited the sale proceeds in the attorney's trust account held for *their use and benefit* and only *they could control*, the Florida Fourth Circuit Court of Appeals held the sale proceeds maintained their character as tenants by

---

[39] Doc. No. 65, Exh. A, par. 3.03[sic] on pg. 4 of Trust.
[40] *Hunt v. Covington*, 200 So. 76, 77, 145 Fla. 706, 708 (Fla. 1941).
[41] 886 So.2d 295 (Fla. 4th DCA 2004).

entirety.[42] Here, the Trust holds the Property to benefit the Debtor, Mrs. Givans *and their children.* The *Passalino* decision simply does not support the Debtor's position.

Debtor and Mrs. Givans' final argument is that the merger doctrine applies to the Trust rendering them fee simple title holders to the Property. "The merger doctrine is applicable where either the entire beneficial interest passes to the trustee or where the legal title passes to a sole beneficiary."[43] If merger of the legal and equitable title occurs, the holder of both interests receive fee simple ownership of the property.[44] Here, the merger doctrine does not apply. Debtor and Mrs. Givans are Trustee of the Trust while the Debtor, Mrs. Givans, and their children are beneficiaries. The requirements for merger are not met.

By transferring the Property to the Trust, the Debtor and Mrs. Givans gave up certain legal rights in exchange for others. They lost the benefits tenants by entirety ownership afforded, such as protection of the Property from certain creditors. In exchange, they gained other benefits provided by the Trust, such as circumventing probate proceedings. They could directly transfer the Property to their children without the expense of going through probate. And because of the Trust, their children now have a present equitable interest in the Property as beneficiaries.

Debtor and Mrs. Givans cannot have it both ways. The Property cannot be held by the Trust, subject to the terms of the Trust (which creates an interest for their children), and also be held as tenants by entirety, subject to common law and protected from creditors' claims. In 2014, they created the Trust and transferred the Property to the Trust.  By doing so, they lost ownership status as tenants by the entireties.

---

[42] *Id*. at 298.
[43] *In re Wells*, 259 B.R. 776,779 (Bankr. M.D. Fla. 2001)
[44] *Id*.

The Chapter 7 Trustee's Motion for Summary Judgment (Doc. No. 65) is granted. The Chapter 7 Trustee may administer the Debtor's interest in the Property in this bankruptcy case. A separate order consistent with this Memorandum Opinion simultaneously shall be entered.

### 

Attorney Michael A. Tessitore will serve a copy of this order on all interested parties and file a proof of service within 3 days of entry of the order.