ORDERED.

**Dated:  May 27, 2021**

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Gregory Todd Givans, | ) | Case No.  6:19-bk-01928-KSJ |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

## **MEMORANDUM OPINION**

Earlier, I found the Debtor and his non-debtor spouse, Marna Givans, transferred a house to a joint revocable living trust they created.  Because a trust cannot hold real property as tenants by the entities, I sustained the Chapter 7 Trustee's objection to exemption of the real property.[1]  The Chapter 7 Trustee, Carla Musselman ("Trustee"), now seeks information about the property, such as proof of insurance and any lease agreements, and wants to administer the Debtor's 50% interest in the house

---

[1] The Memorandum Opinion is Doc. No. 96. The related order granting Trustee's Motion for Summary Judgment on Chapter 7 Trustee's objection to exemption is Doc. No. 97. No party appealed the now final ruling.

in this bankruptcy case.[2] Debtor and Mrs. Givans oppose the Trustee's request.

The issue is whether the Trustee can administer the Debtor's interest in the house in this bankruptcy case even though the Trust has a Spendthrift Trust provision and over the objections of the Debtor and Mrs. Givans, who are the settlor, trustee, and income beneficiaries. In the end, I find Musselman can reach the Debtor's 50% interest in the house to benefit his creditors.

In the Memorandum Opinion Granting Trustee's Motion for Summary Judgment ("Memorandum Opinion"), I found the following relevant, undisputed material facts.[3] On August 27, 2014, Debtor and Mrs. Givans transferred residential real property at 2757 Shearwater Street, Clermont, Florida (the "Property") to the "August 27, 2014 Gregory T. Givans and Marna A. Givans *Inter Vivos* Revocable Trust Agreement" (the "Trust"). The Trust provides Debtor and Mrs. Givans, as husband and wife, are both "Settlor" and "Trustee" of the Trust. Upon the death of either the Debtor or Mrs. Givans, the surviving spouse remains a Settlor and Trustee and becomes an Income Beneficiary. Upon the death of both the Debtor and Mrs. Givans, and if the Trust remains in existence, their two children are the primary beneficiaries of the property held by the Trust.

---

[2] The Trustee has filed a Motion for Turnover of Property Records (Doc. No. 118) and a Complaint in related adversary proceeding *Musselman v. Givans et. al.*, 6:19-ap-00326-KSJ, which seeks judgment for turnover of the real property in Count I (6:19-ap-00326-KSJ, Doc. No. 1). Debtor and Mrs. Givans have filed responses to the Motion for Turnover (Doc. Nos. 128 and 132) and an Answer to the Complaint (6:19-ap-00326-KSJ, Doc. No. 41). A trial on Count 1 was held on January 19, 2021.

[3] To the extent necessary, the Court's factual findings made in the Memorandum Opinion (Doc. No. 96) are incorporated into this order.

On March 25, 2019,[4] the Debtor filed this case under Chapter 7 of the Bankruptcy Code.[5] Debtor listed the Property on his bankruptcy schedules and claimed the Property exempt as owned by him and his wife as tenants by entirety. Musselman objected to the Debtor's claim of exemption for the Property and other assets,[6] and sought summary judgment on her objection as to the Property.[7] In the Memorandum Opinion, I granted summary judgment and sustained Musselman's Objection to Exemption finding the Trust could not own the Property as "tenants by the entireties."[8]

Musselman now seeks to administer the Debtor's interest in the Property. She also asks the Debtor to disclose information on lease agreements and insurance coverage on the Property.  Debtor and Mrs. Givans object contending that the Trust's Spendthrift Provision prevents the Trustee from administering the Property. They also argue that, because Mrs. Givans is a co-trustee, the Trust's terms and Florida's Trust Code prohibit Musselman from administering the Property without Mrs. Givans' consent.

### The Trust's Spendthrift Provision is Not Valid

To prevail on a turnover motion, the trustee must show: (1) the property sought to be recovered is property of the estate, and (2) the trustee may use, sell, or lease the

---

[4] Doc. No. 1.
[5] All references to the Bankruptcy Code refer to 11 U.S.C. §§ 101 et. seq.
[6] Doc. No. 24.
[7] Doc. No. 65.
[8] Doc. Nos. 96, 97.

property under § 363 of the Bankruptcy Code.[9] Here, the parties only dispute whether the Property is property of the estate subject to administration by the Trustee.

Property of the estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case" wherever located and by whomever held.[10] A restriction on transferring a debtor's interests in a trust enforceable under applicable non-bankruptcy law, however, remains enforceable in bankruptcy.[11] So debtors' interests in spendthrift trusts are excluded from the bankruptcy estate "to the extent they are protected from creditors under applicable state law."[12] And here, Florida law governs the Trust.[13]

Florida law acknowledges the validity of spendthrift trusts.[14] A spendthrift provision is valid however "only if the provision restrains *both* voluntary and involuntary transfer of a beneficiary's interest."[15] A trust which provides the beneficiary's interest is held subject to a spendthrift trust or similar language will restrain both voluntary and involuntary transfers of the beneficiary's interest.[16]

Paragraph 5.03 of the Trust, titled "Spendthrift Provision," provides no interest shall be alienated, encumbered, or otherwise disposed of by any Income Beneficiary (Debtor or Mrs. Givans), and if any Income Beneficiary attempts to alienate,

---

[9] *In re Coburn*, 250 B.R. 401,403 (Bankr. M.D. Fla. 1999)(citing *In re Allegheny Label, Inc.*, 128 B.R. 947, 954 (Bankr.W.D.Pa.1991).
[10] 11 U.S.C. § 541(a)(1).
[11] 11 U.S.C. § 541(c) (2); *In re Brown*, 303 F.3d 1261, 1265 (11th Cir. 2002); *In re Nichols*, 434 B.R. 906, 909 (Bankr. M.D. Fla. 2010).
[12] *Brown*, 303 F.3d at 1265.
[13] Doc. No. 143, Exh. 1, para. 7.01.
[14] *Miller v. Kresser*, 34 So.3d 172, 175 (Fla. 4th DCA 2010)(citing *Waterbury v. Munn*, 32 So.2d 603,605 (Fla. 1947)).
[15] FLA. STAT. § 736.0502 (1) (emphasis added).
[16] FLA. STAT. § 736.0502 (2).

encumber, or dispose its interest, or if by reason of bankruptcy or insolvency or any attempted execution, levy, attachment or seizure of any assets held by the Trustee under claims of creditors or otherwise, "then such interest shall terminate."[17] Although the Trust's spendthrift provision restrains voluntary transfers by a beneficiary, it fails to restrain an *involuntary* transfer of the beneficiary's interest. Because the Trust does not restrain *both* voluntary and involuntary transfers of a beneficiary's interest, the Court finds the Trust does not contain a valid spendthrift provision.

Further, spendthrift trusts are "created with a view of providing a fund *for the maintenance of another*, and at the same time securing it against his own improvidence or incapacity for self-protection"[18] Courts routinely invalidate spendthrift provisions under Florida law when a trust provides a beneficiary with express control to demand distributions or terminate the trust and acquire trust assets.[19]

Here, the Debtor and Mrs. Givans are "Settlor," "Trustee," and Income Beneficiaries. They transferred all property into the Trust.  And the Trust allows the Debtor and Mrs. Givans to retain control and decision-making power over the Trust's assets.  This is a classic "self-settled trust" allowing the parties to retain all control over the transferred assets.

---

[17] Doc. No. 143, Exh. 1, para. 5.03.

[18] *Croom v. Ocala Plumbing & Elec. Co.*, 57 So. 243, 244 (Fla. 1911)(emphasis added). *See also Brown*, 303 F.3d at 1266;  *Miller v. Kresser*, 34 So.3d at 175.

[19] *Miller v. Kresser*, 34 So.3d at 175 (citing *Croom*, 57 So. at 244-45; *Dollinger v. Bottom (In re Bottom )*, 176 B.R. 950, 952 (Bankr.N.D.Fla.1994); *First Fla. Nat'l Bank, N.A. v. Smith (In re Smith )*, 129 B.R. 262, 264-65 (M.D.Fla.1991); *Putney v. May (In re May )*, 83 B.R. 812, 814-15 (Bankr.M.D.Fla.1988); *In re Gillett*, 46 B.R. 642, 644-45 (Bankr.S.D.Fla.1985); *Nixon v. P.J. Pedone & Co. (In re Nichols )*, 42 B.R. 772, 776 (Bankr.M.D.Fla.1984))). *See also In re Resin*, 600 B.R  870, 880 (Bankr. S.D. Fla. 2019); *In re Nichols*, 434 B.R. 906, 909 (Bankr. M.D. Fla. 2010).

For example, the Trust allows Debtor and Mrs. Givans, as Settlor, to remove property from the Trust.[20] Debtor and Mrs. Givans, as Settlor, may revoke or terminate the Trust during their lives.[21] Debtor and Mrs. Givans, in their discretion as Trustee, may pay besides the net income, the whole trust estate to Debtor and Mrs. Givans, as Settlor.[22] Debtor, as Income Beneficiary, may terminate the Trust at his "sole option and discretion" should Mrs. Givans predecease him.[23] And the Trust provides that it terminates on the death of the last surviving income beneficiary (Debtor or Mrs. Givans), if it still exists, with the entire Trust estate to be *disbursed* to the Debtor and Mrs. Givans' children.[24]

These provisions demonstrate the Debtor and Mrs. Givans maintain express control of the Trust and its property during their lives. They did not create the Trust to provide a fund for the maintenance of their children or to protect their children from their own improvidence. The Trust is not a spendthrift trust, and the Spendthrift Provision of the Trust is invalid. Debtor's interest in the Trust is property of the estate.

### Trustee May Administer the Property Even if Mrs. Givans Does Not Consent

Because the Trust is a *joint* revocable living trust created by both the Debtor and his non-debtor spouse, the Court next must ascertain whether the Trust's terms or the Florida's Trust Code prohibit Musselman from administering the Debtor's interest in the Property without first getting Mrs. Givans' consent as a co-trustee.  I find no

---

[20] Doc. No. 143, Exh. 1, para. 1.03.
[21] Doc. No. 143, Exh. 1, para. 2.02.
[22] Doc. No. 143, Exh. 1, para. 3.02.
[23] Doc. No. 143, Exh. 1, para. 3.04.
[24] Doc. No. 143, Exh. 1, para. 3.03[sic] on page 4 of Trust, and para. 3.08.

restriction in either the language of the Trust or in the law of Florida. Musselman may administer the Debtor's interest in the Property to benefit the Debtor's creditors.

No factual disputes exist. Debtor and Mrs. Givans created the Trust. They deeded the Property to the Trust. They are both Settlors and Trustees under the Trust. Either the Debtor or Mrs. Givans may revoke the Trust. And the Property is not their home, so no homestead issues arise.

Florida Statute § 736.0505 provides:

> (1)  Whether or not the terms of a trust contain a spendthrift provision, the following rules apply:
>
> (a)  The property of a revocable trust is subject to the claims of the settlor's creditors during the settlor's lifetime to the extent the property would not otherwise be exempt by law *if owned directly by the settlor.*[25]

Because the Trust is revocable, the Property is subject to creditors' claims to the extent it is not exempt by law if owned directly by the Debtor and Mrs. Givans.[26]

By transferring the Property to the Trust, the Debtor and Mrs. Givans converted their ownership interest from tenants by the entireties to joint tenants in common. Property owned as tenants by the entirety "belongs to neither spouse individually, but to a separate entity created by their marriage."[27] "[E]ach spouse is seized of the whole."[28] And not a "share, moiety, or divisible part."[29] The advantage of owning

---

[25] FLA. STAT. § 736.0505 (1).
[26] Debtor does not claim the property exempt as homestead under Article X, Section 4 of the Florida Constitution.
[27] *In re Howe*, 241 B.R. 242, 246 (Bankr. M.D. Fla. 1999).
[28] *Beal Bank, SSB v. Almand and Associates*, 780 So.2d 45, 53 (Fla. 2001)(citing *First Nat'l Bank v. Hector Supply Co.*, 254 So.2d 777, 780 (Fla. 1971); *Wilson v. Florida Nat'l Bank & Trust Co.*, 64 So.2d 309, 313 (Fla.1953)).
[29] *Beal Bank,* 780 So.2d at 53 (quoting *Bailey v. Smith*, 103 So. 833, 834 (Fla. 1925)).

property as tenants by the entireties is that, although joint creditors can foreclose upon the property, creditors holding claims against only one spouse cannot exercise any rights over the property.[30]  By transferring the Property to the Trust, the Debtor and Mrs. Givans lost their ability to own the Property as tenants by the entireties.

With joint tenants in common ownership, each person has their own separate share,[31] which is presumed to be equal.[32] A creditor holding a claim against one spouse can reach that spouse's share of joint tenant or tenants in common property to satisfy the claim, regardless of the interest of the non-debtor spouse.[33] If the Debtor and Mrs. Givans do not own the Property as tenants by entirety, as I already have finally ruled in the earlier Memorandum Opinion,[34] the Debtor's creditors are entitled to the Debtor's presumed one-half interest in the Property.

Relying on Florida Statute § 736.0504, the Debtor and Mrs. Givans argue the Trust's terms require Mrs. Givans, as a co-trustee of the Trust, to authorize any distributions to Musselman, which she refuses to give. Florida Statute § 736.0504

---

[30] *Beal Bank,* 780 So.2d at 53 (citing *Winters v. Parks*, 91 So.2d 649, 651 (Fla.1956)); *See also In re Freeman*, 387 B.R. 871, 874 (Bankr. M.D. Fla. 2008).
[31] *See Beal Bank,* 780 So.2d at 53.
[32] *In re Anderson,* 561 B.R. 230, 240 (Bankr. M.D. Fla. 2016)(citing *Julia v. Russo*, 984 So.2d 1283, 1285 (Fla. 4th DCA 2008) ("In absence of evidence to the contrary, co-tenants are presumed to owe [sic] equal undivided interests")); *In re Daniels*, 309 B.R. 54, 56 (Bankr. M.D. Fla. 2004).
[33] *See Beal Bank*, 780 So.2d at 53.
[34] Doc. No. 96, p. 9.

provides:

> (2)   Whether or not a trust contains a spendthrift provision, if a trustee may make discretionary distributions to or for the benefit of a beneficiary, a creditor of the beneficiary, including a creditor as described in s. 736.0503(2), may not:
>
> > (a)   Compel a distribution that is subject to the trustee's discretion; or
> >
> > (b)   Attach or otherwise reach the interest, if any, which the beneficiary might have as a result of the trustee's authority to make discretionary distributions to or for the benefit of the beneficiary.

Section 736.0504 *generally* governs when a creditor may compel a distribution or attach a beneficiary's interest in a trust.[35] And, if this was *not* a self-settled trust, may have relevance.

But, here, we have a revocable, self-settled trust created by the Debtor and his wife. They transferred the Property to the Trust.  Each Settlor has a 50% interest in the Property.  And, under the governing and more specific provision, § 736.0505 of the Florida Statutes, creditors of the Debtor or Mrs. Givans may reach their respective interest, even if the Trust terms require the consent of a co-trustee.[36]

Under Florida law, a long-recognized principle of statutory constriction exists "where two statutory provisions are in conflict, the specific statute controls over the general statute."[37] Here, Florida Statute § 736.0505 controls. It governs the specific

---

[35] *Dexia Credit Local v. Rogan*, 624 F. Supp. 970, 980 (N.D. Ill. 2009) (analyzing Fla. Statute §§ 736.0504 and 736.0505).

[36] *See Id.* at 980-81.

[37] *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So.2d 1067, 1073 (Fla. 2006)(quoting *State v. J.M.*, 824 So2d 105,112 (Fla. 2002)). *See also Dexia Credit*, 624 F. Supp at 980.

issue before the Court—whether property of a revocable trust is subject to the claims of the Settlor's/ Debtor's creditors.

When a person creates a discretionary trust for his own benefit, creditors can reach the trust assets "even though the trustee in the exercise of his discretion wishes to pay nothing to the beneficiary or to his creditors, and even though the beneficiary could not compel the trustee to pay him anything."[38] The same is true if the revocable trust is a joint trust between a husband and a wife, such as this one. Debtor cannot evade this result by inserting a provision in the Trust requiring his wife to consent to any distributions. If this were the law, fraudulent actors routinely would add a co-trustee to protect assets placed in self-settled revocable trusts from claims of their creditors. Florida Statute § 736.0505 allows Musselman to administer the Debtor's one-half interest in the Property notwithstanding Mrs. Givans' lack of consent.

<u>Conclusion</u>

The Court concludes the Trust's Spendthrift Provision is not valid. Florida law allows Musselman to administer the Property without the consent of the Debtor and Mrs. Givans. Musselman's Motion for Turnover of Property Records (Doc. No. 118) is granted. Debtor and Mrs. Givans promptly shall provide Musselman access to the Property and documents related to the Property, including all leases and proof of insurance. Musselman may administer the Debtor's 50% interest in the Property,

---

[38] *In re Lawrence*, 251 B.R. 630, 642 (S.D. Fla. 2000). See also *Dexia Credit*, 624 F. Supp at 981.

including authority to partition the Property, if needed. Separate orders consistent with

this Memorandum Opinion shall issue.

###

Attorney, Michael A. Tessitore, will serve a copy of this order on all interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the order.